## IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS
### WESTERN DIVISION

CV 2005-103

IN RE:    THE GOOD SHEPHERD HUMANE SOCIETY, INC.

### MOTION FOR
### DECLARATORY JUDGMENT

Comes now the Bank of Eureka Springs and for its motion for Declaratory

Judgment on assets in accounts and safe deposit box held by it for The Good Shepherd

Humane Society, Inc., states:

1.    That Good Shepherd Humane Society, Inc., has certain checking accounts

and a safe deposit box with Bank of Eureka Springs, Inc.

2.    That Good Shepherd Humane Society, Inc., is in the midst of a

restructuring wherein it was publicly reported that the Board and Officers of such

nonprofit corporation were ousted and therefore the true identity of its corporate officers

has been called into question and Bank of Eureka Springs is without knowledge as to

who is presiding over the corporation and therefore control over the accounts which the

Bank now holds for it.

3.    That in light of the circumstances cited above, Bank of Eureka Springs

asks the Court to make a determination as to who is entitled to possession of the assets

located in the accounts and safe deposit box at the Bank.

WHEREFORE, Bank of Eureka Springs, based upon the above and foregoing

facts known to it, prays that this Court decide, through a Declaratory Judgment, which

group is entitled to the assets which it now holds in the name of The Good Shepherd

Humane Society, Inc.





EXHIBIT
1

Bank of Eureka Springs
Declarant


By: Scott P. Harrison

      Scott P. Harrison
      AR Bar #89069
      THE HARRISON LAW FIRM
      2928 McKee Circle, Suite 121
      Fayetteville, AR 72703
      (479) 841-9000

IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS
WESTERN DISTRICT
CIVIL DIVISION

IN RE:  THE GOOD SHEPHERD HUMANE SOCIETY, INC.

CIV 2005-103

## MOTION TO INTERVENE
## AND ANSWER

Comes now the respondent, John Reeve, President of the Board of Directors of the

Good Shepherd Humane Society, Inc., by and through his attorney, Gerald K. Crow, and

pursuant to Rule 24(a) of the Arkansas Rules of Civil Procedure moves this court to

permit his intervention as a matter of right in that he claims an interest on behalf of the

Good Shepherd Humane Society, Inc. in the property which is the subject of the action

and further states that he is so situated that the disposition of the action may, as a

practical matter, impair or impede his ability to protect that interest and further states that

his interest is not adequately represented by the other parties to the action.


Pleading further in Answer to the Motion of Declaratory Judgment the Respondent

states as follows:

1. That he is the duly elected President of the Board of Directors of the Good

   Shepherd Humane Society, Inc., a non profit corporation in good standing with

   the Secretary of State of Arkansas and holder of a tax exemption under the

   provisions of IRS Code section 501(c)(3).

2. That pursuant to a call of the general membership of the aforesaid Good Shepherd Humane Society, Inc. , as provided for in the Articles of Incorporation, a special membership meeting was held on October 4, 2005 and a vote was taken by the membership present on the issue of the dissolution of the existing Board of Directors.

3. That pursuant to that vote on dissolution the then existing Board was dissolved and the Membership elected a new Board. That the newly elected Board includes the following named persons: John Reeve, Ken Bates, Doug Brashears, Dick Oberg, Rachel Fink, Cheryl Johnson, Mary McFadden, Sara Moore, Kent Crow and Janet Torgerson.

4. That the Intervenor/Respondent has it his possession the membership lists, mailing list, ballots, waivers and other documents to verify and confirm the actions of the membership.

5. That the newly elected board has made demand on the custodians, Mary Rains and Boyd Bush, for the keys to the Animal Shelter and the retail outlet known as the Thrift Store and the custodians have refused to deliver the keys and control of the real property and that this Court should find that the newly elected Board is entitled to the possession of all bank accounts, records, inventory and physical property belonging to the Society including the Animal Shelter and the Thrift Store.

6. That the actions of the former Board are in direct violation of the Articles of Incorporation of the Good Shepherd Humane Society, Inc., and this court should

order the immediate surrender of all accounts, records and physical facilities to the newly elected Board.

7. Pleading further, this court should hold all acts taken by or on behalf of the dissolved board of directors to be void and hold the former directors individually liable for the expenditure of any funds, the loss of any property and any and all other harm, waste or destruction of any property or assets of the Good Shepherd Humane Society, Inc. after October 4, 2005.

8. The Intervenor/Respondent reserves the right to amend these pleadings pursuant to the Rules of Civil Procedure and to file any documentation in its possession with this court.

WHEREFORE, PREMISES CONSIDERED, THE INTERVENOR/RESPONDENT PRAYS that this Court grant the Motion to Intervene and further grant to the Respondent to him the assets in the control of the Bank of Eureka Springs; that the Court declare the newly elected Board the only authorized governing body of the Good Shepherd Humane Society, Inc.; that the Court direct the custodians of the records, accounts and physical facilities to surrender control of those assets to the newly elected Board immediately and for any and all other relief to which they may be entitled.

Respectfully Submitted,

John Reeve,
President
Good Shepherd Humane Society, Inc.

By _____
Gerald K. Crow
Attorney at Law
ABA 90100
203 Public Sq.
Berryville, AR 72616
(870) 423-4664
(870) 423-3733

## CERTIFICATE OF SERVICE

I certify that I have this 15th day of October, 2005 mailed a true and correct copy of the foregoing pleading to the hereinafter named attorney by depositing a true and correct copy in the U.S. Mail, adequate postage affixed thereto and addressed to:

Mr. Scott P. Harrison
The Harrison Law Firm
2928 McKee Circle, Suite 121
Fayetteville, AR 72703

_____
Gerald K. Crow

IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS
WESTERN DISTRICT
CIVIL DIVISION

IN RE:  THE GOOD SHEPHERD HUMANE SOCIETY, INC.

CIV 2005-103

## MOTION FOR HEARING

Comes now the respondent, John Reeve, President of the Board of Directors of the Good Shepherd Humane Society, Inc., by and through his attorney, Gerald K. Crow, and Moves this Court to set the Motion for a Declaratory Judgment for a hearing at the court's earliest convenience.

Pleading further, the Motion was filed on October 10, 2005 and the undersigned filed a motion to intervene on October 14, 2005. That this matter is directly effecting the daily operations of the Good Shepherd Humane Society, Inc. causing delays in the regular course of business, is adversely effecting persons awaiting payments; jeopardizes assets held by the corporation and has resulted in undue hardship on employees and the Board of Directors.

WHEREFORE, PREMISES CONSIDERED, THE INTERVENOR/RESPONDENT PRAYS that this Court grant the Motion to set this matter for hearing at the Court's earliest convenience.

Respectfully Submitted,

John Reeve,
President
Good Shepherd Humane Society, Inc.

By:_____
Gerald K. Crow
Attorney at Law
ABA 90100
203 Public Sq.
Berryville, AR 72616
(870) 423-4664
(870) 423-3733

## CERTIFICATE OF SERVICE

I certify that I have this 25th day of October, 2005 mailed a true and correct copy of the foregoing pleading to the hereinafter named attorney by depositing a true and correct copy in the U.S. Mail, adequate postage affixed thereto and addressed to:

Mr. Scott P. Harrison
The Harrison Law Firm
2928 McKee Circle, Suite 121
Fayetteville, AR 72703

_____
Gerald K. Crow

## IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS
## WESTERN DIVISION

IN RE:      GOOD SHEPHERD HUMANE SOCIETY, INC.

## CV 2005-103

## SUMMONS

Pleading Attorney:

       SCOTT P. HARRISON
       Attorney at Law
       2928 McKee Circle, Suite 121
       Fayetteville, Arkansas 72703

THE STATE OF ARKANSAS TO PARTY IN INTEREST: Gerald Crow, Attorney for the "New Board" of Good Shepherd Humane Society, Inc.

## NOTICE

1.   You are hereby notified that a declaratory judgment action has been filed which requires your attention; the relief asked is stated in the attached motion for declaratory judgment.

2.   The motion may go against your interests will be and a judgment awarding any of your interests to other interested  parties may be entered unless you file a pleading and thereafter appear and present your case. Your pleading or answer must meet the following requirements:

    A.   It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure.
    B.   It must be filed in the court clerk's office within twenty (20) days from the day you were served with this summons.

3.   If you desire to be represented by an attorney, you should immediately contact your attorney so that an answer can be filed for you within the time allowed.

4.   Additional notices:

WITNESS my hand and the seal of the court this _10ᵗʰ_ day of _November_ , 2005.

_Ramona Wilson_
CLERK,
By _Kathryn Head_ D.C.

IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS
WESTERN DISTRICT
CIVIL DIVISION

IN RE:  THE GOOD SHEPHERD HUMANE SOCIETY, INC.

By:  THE BANK OF EUREKA SPRINGS                                PETITIONER

CIV 2005-103

JOHN REEVE, PRESIDENT
GOOD SHEPHERD HUMANE SOCIETY, INC.                 INTERVENOR
                                                                                 Third Party Petitioner
vs.

MARTY MARTINEK, BOYD BUSH, *George Harris*
SHIRLEY TINKIS, CARTER REIN,
MARILYN STOCKWELL, MAGGIE TATUM,
SHARON JACOBSON AND DAVID RUSH
AS PREVIOUS BOARD MEMBERS OF
THE GOOD SHEPHERD HUMANE SOCIETY, INC.          RESPONDENTS

## CROSS PETITION

Comes now the respondent, John Reeve, President of the Board of Directors of the

Good Shepherd Humane Society, Inc., by and through his attorney, Gerald K. Crow, and

having moved to intervene in the above styled matter on October 10, 2005 and having

filed an Answer on October 10, 2005 pursuant to Rule 24(a) of the Arkansas Rules of

Civil Procedure now states and alleges as follows:

1. That the Intervenor has been provided with a copy of a Mortgage, filed with the Clerk of the Circuit Court on October 3, 2005 in Mortgage Book No. 223, page 611-613, a copy of which is attached hereto as Exhibit "A".

2. That the aforesaid Mortgage is executed in favor of Boyd J.Bush as Mortgagee and recites the consideration given as Forty Thousand Dollars ($40,000.00) "evidenced by a promissory note" for the aforesaid sum.

3. That the Mortgage was executed by Marty Martinek, President of the Good Shepherd Humane Society, Inc. on October 3, 2005.

4. That the mortgage was not executed pursuant to the statutory requirements of Ark. Code Ann. §16-47-107, Acknowledgment by corporations, and the Intervenor now holds what he believes to be the corporate records which were to be maintained at the corporate offices of the Good Shepherd Humane Society, Inc. and that he has not been able to ascertain whether the above herein named former Directors authorized the President to execute a mortgage of the Corporate Property nor has he been able to ascertain when such authorization occurred.

5. That the Intervenor believes in good faith that the former Board of Directors did not meet or vote to authorize the mortgage of the property and that as a matter of law the mortgage should be declared void for failing to meet the requirements for the execution of such instruments and for failure of authority to grant such a conveyance.

6. Pleading further, the Intervenor believes in good faith that the sum of Forty Thousand Dollars ($40,000.00) was never delivered to the Treasurer of the Good Shepherd Humane Society, Inc, and that Boyd Bush, mortgagee, withheld certain

sums due and owing under the terms of the mortgage without approval or authorization from the then existing Board of Directors and that the Mortgage should fail for lack of consideration.

7. That it is believed that the sum of Twenty Thousand Dollars ($20,000.00) is now held in the Bank account which is the subject of the Petition for Declaratory Judgment and that if any sum is due and owing to Boyd J. Bush it may be that sum of money and none other.

8. That the Intervenor believes in good faith that the previous Board of Directors entered into certain employment contracts with Boyd J. Bush and with Mary Rein which are attached hereto as Exhibits "B" and "C" and that said contracts purport to be for services provided by Bush and Rein as independent contractors.

9. That the herein named Respondents while acting as the Board of Directors knew, or should have known, that such contracts were in violation of existing Internal Revenue Service standards for the determination of eligibility as contract labor and that the aforesaid contracts should be held void and that any claims, assessments penalties or actions against the Good Shepherd Humane Society, Inc. arising from those contracts should be prosecuted in the names of those persons who executed said contracts and that they should be adjudged jointly and severely liable for any and all damages arising therefrom.

10. Pleading further, this court should hold all acts taken by or on behalf of the dissolved board of directors to be void and hold the former directors individually liable for the expenditure of any funds, the loss of any property and any and all other harm, waste or destruction of any property or assets of the Good Shepherd

Humane Society, Inc. including and not limited to the execution of a mortgage on the corporate real property and the aforesaid employment contracts.

11. The Intervenor further states that there is located at the Eureka Springs Post Office certain mail being held by the Postmaster for delivery to the person or persons this court adjudicates to be the Board of Directors and that the holding of this mail continues to constitute a great harm to the Corporation and that the Postmaster of the Eureka Springs Post Office should be directed to release all mail to the undersigned immediately.

12. The Intervenor/Cross Petitioner reserves the right to amend these pleadings pursuant to the Rules of Civil Procedure and to file any documentation in its possession with this court.

WHEREFORE, PREMISES CONSIDERED, THE INTERVENOR/CROSS PETITIONER PRAYS that this Court grant him the assets in the control of the Bank of Eureka Springs; that the Court declare the newly elected Board the only authorized governing body of the Good Shepherd Humane Society, Inc.; that the Court direct the custodians of the mail, records, accounts and physical facilities to surrender control of those assets to the newly elected Board immediately and for any and all other relief to which they may be entitled.

Respectfully Submitted,

John Reeve,
President
Good Shepherd Humane Society, Inc.

By: _____
Gerald K. Crow
Attorney at Law
ABA 90100
203 Public Sq.
Berryville, AR 72616
(870) 423-4664
(870) 423-3733

## CERTIFICATE OF SERVICE

I certify that I have this 3th day of December, 2005 mailed a true and correct copy of the foregoing pleading to the hereinafter named attorney by depositing a true and correct copy in the U.S. Mail, adequate postage affixed thereto and addressed to:

Mr. Scott P. Harrison
The Harrison Law Firm
2928 McKee Circle, Suite 121
Fayetteville, AR 72703

_____
Gerald K. Crow

223-611

*Exhibit "A"*

AT 2:43 FILED FOR RECORD
O'CLOCK          P .M.
RAMONA WILSON
CLERK & RECORDER
CARROLL COUNTY, ARKANSAS
WESTERN DISTRICT

OCT 03 2005

I CERTIFY THIS INSTRUMENT WAS FILED
FOR RECORD IN MY OFFICE AND
RECORDED IN          BOOK     223
PAG          CIRCUIT CLERK

## MORTGAGE

### With Power of Sale

KNOW ALL MEN BY THESE PRESENTS:

That GOOD SHEPHERD HUMANE SOCIETY, INC., hereinafter referred to herein as Mortgagor, for and in consideration of the sum of One Dollar ($1.00) and other valuable consideration unto us in hand paid and the premises hereinafter set forth, do hereby grant, bargain, sell, and convey unto BOYD J. BUSH, hereinafter referred to herein as Mortgagee, and unto his heirs and assigns forever, the following real estate located in Carroll County, Arkansas, to-wit:

> A PART OF THE SW 1/4, SW 1/4, SECTION 15, TOWNSHIP 20 NORTH RANGE 26 WEST, CARROLL COUNTY, ARKANSAS, MORE PARTICULARLY DESCRIBED AS FOLLOWS: FROM THE NW CORNER OF SAID SW 1/4, SW 1/4, SECTION 15, T-20-N, R-26-W, RUN SOUTH 125 FEET FOR A POINT OF BEGINNING; THENCE EAST 150.00 FEET; THENCE S 08° 42' 46" W 169.00 FEET TO A POINT ON THE NORTH RIGHT-OF-WAY OF U.S. HIGHWAY 62; THENCE N 69° 16' 58" W 133.00 FEET ALONG SAID RIGHT-OF-WAY; THENCE NORTH 120 FEET TO THE POINT OF BEGINNING CONTAINING 0.46 ACRES MORE OR LESS.

AND WHEREAS, said Mortgagor hereby agrees with the Mortgagee that Mortgagor will keep the improvements, if any, on said land in good repair and constantly insured by some company satisfactory to said Mortgagee for the sum equal to Mortgagee's insurable interest in said improvements and the policies containing a standard "loss payable" clause in favor of Mortgagee for further security of said note with full power to demand, receive, and collect all monies becoming payable thereupon and apply the same toward the payment of said indebtedness; and in case of failure or neglect of said Mortgagor to purchase adequate insurance coverage, the Mortgagee are hereby authorized to do so, and all sums so paid by Mortgagee shall bear interest of ten percent (10%) per annum from that time until repaid, and shall be fully secured by this mortgage.

To have and to hold the same unto the said Mortgagee and its successors and assigns forever, together with all and singular the appurtenances and improvements thereunto belonging; and Mortgagor hereby covenants with

223-612

the said Mortgagee to forever warrant and defend the title of said property against all lawful claims; and Mortgagor hereby releases all right of dower, curtesy, and homestead in and to the same.

This sale is on the condition that Mortgagor is justly indebted unto the said Mortgagee in the sum of FORTY THOUSAND and 00/100 DOLLARS ($40,000.00), evidenced by a promissory note of Mortgagor for said sum executed this date.

If all or any part of the property or interest herein is sold or transferred by Mortgagor without Mortgagee's prior written consent, Mortgagee may, at Mortgagee's option, declare all the sums secured by this Mortgage to be immediately due and payable.

Now, if Mortgagor shall pay said monies, at the times and in the manner aforesaid, then the above conveyances shall be null and void. And in the case of non-payment, then the said Mortgagee or its assigns, agent, or attorney in fact shall have power to sell said property at public sale to the highest bidder for cash at the front door of the Courthouse in the City of Eureka Springs, County of Carroll, and State of Arkansas, public notice of the time and place of said sale having been first given thirty (30) days by advertising in some newspaper published in said County, or by ten (10) printed handbills posted in ten (10) public places in said County, at which sale the said Mortgagee or its assignee to convey said property to anyone purchasing at said sale; and the recitals of this deed of conveyance shall be taken as prima facie true. And the proceeds of said sale shall be applied first to the payment of all costs and expenses attending said sale; second to the payment of said debt and interest; and the remainder, if any, shall be paid to said Mortgagor.

And I hereby expressly waive all right of redemption or appraisement of said property in case this Mortgage is foreclosed either by order of court or by power contained in this Mortgage.

Witness my hand and seal this 3rd day of October 2005.

GOOD SHEPHERD HUMANE SOCIETY, INC.

By: _____
MARTY MARTINEK, President

223-613

## ACKNOWLEDGMENT

STATE OF ARKANSAS )
) ss:
COUNTY OF CARROLL )

BE IT REMEMBERED, that on this day before me, the undersigned Notary Public, duly qualified and acting in and for the County and State aforesaid, personally appeared MARTY MARTINEK, to me well known as the President of the Mortgagor in the foregoing Mortgage, and stated that he had executed the same for the consideration and purpose therein mentioned and set forth.

WITNESS my hand and seal as such Notary Public this 3rd day of October 2005.

_____
Notary Public

My commission expires:

Dec 17, 2013

AUTUMN HUDGINS        Notary Public
Washington County   State of Arkansas
My Commission Expires Dec. 17, 2013

Prepared by:        Keith, Miller, Butler & Webb, PLLC
                    224 South Second Street
                    Rogers, Arkansas  72756

Return to:_____

*Exhibit "B"*

# CONTRACT FOR SERVICES

This contract for Services ("Contract") as made as of May __//__ , 2005, by and between Mary Rein ("Rein"), an individual and resident of Carroll County, Arkansas, and The Good Shepherd Humane Society, Inc. ("GSHSI"), and Arkansas non-profit corporation with its principal place of business in Eureka Springs, Arkansas.

WHEREAS, GHSH owns and operates an animal shelter and is in need of a person to manage said location and

WHEREAS, Mary Rein has agreed to manage said shelter on the terms and conditions set forth in this Contract.

It is therefore agreed as follows:

*1. Basic Agreement.* On the terms and conditions set forth in this Contract, Mary Rein agrees to manage GSHSI's animal shelter.

*2. Term*: Subject to paragraph 5 below, this Contract shall be for a period of three years from the date of this Contract, provided that Mary Rein shall be entitled to resign her employment at any time during the said three-year period as long as she gives two-weeks prior notice. Notwithstanding the foregoing, GSHSI shall be entitled to terminate this Contract for "Cause" during the said three year period. "Cause" is specifically defined as a conviction of Mary Rein in a court of competent jurisdiction of any crime that is classified as a felony under Arkansas or Federal law. No other circumstance or occurrence shall constitute "Cause" hereunder. Upon expiration of the initial three year term, this Contract shall automatically renew on a month-to-month basis on the same terms and conditions that are set forth herein except that GSHSI shall be entitled to terminate the Contract by giving Mary Rein thirty days prior written notice. Mary Rein shall remain entitled to terminate this Contract by giving GSHSI two weeks prior advance notice.

*3. Independent Contractor.* Mary Rein shall at all times be an independent contractor and not a GSHSI employee. The parties acknowledge that GSHSI has no authority to manage or direct Mary Rein's day to day actions and activities or the manner in which Mary Rein carries out her obligations in this Contract, and GSHSI shall not attempt to manage or direct any such activities. Mary Rein shall at all times be free to decide the specific times that she works in managing the Shelter, the method and manner of managing the Shelter, and all other things that are necessary in order to carry out her obligations herein. In setting those hours it is acknowledged that there will be times of up to two weeks that Mary Rein shall not be at the Shelter while she is on vacation or doing other things, but such times shall not exceed a total of four weeks in any calendar year. Said "off times" shall still be paid and shall not count against Mary Rein when determining whether she has worked 20 hours per week. The parties intend for said periods to be considered equivalent to "vacation periods" even though Mary Rein is not an

COPY   1

employee. It is the intent of the parties to this Contract that Mary Rein shall have wide authority and discretion to carry out her duties hereunder and neither GSHSI nor any representative of GSHSI shall exercise or attempt to exercise any control over Mary Rein except to generally monitor her performance of her duties as set forth below.

*4. Mary Rein's Duties.* In managing the Shelter, Mary Rein shall have the following rights and duties:

(a) Recruiting, training, supervising, "hiring" and "firing" all volunteers, it being understood that there shall be no actual paid employees without the prior consent of GSHSI's board of directors;

(b) Contracting with utility service providers for the Shelter;

(c) Collect and deposit all Shelter receipts; it being understood that Mary Rein may delegate some of this responsibility from time to time;

(d) Making periodic reports to GSHSI's board of all receipts and expenditures of the Shelter;

(e) Advertising, marketing and setting prices for all Shelter services;

(f) Soliciting donations, it being understood that GSHSI and others shall also have the non-exclusive right to raise donations and Mary Rein shall not be responsible for any outside fundraisers such as (but not limited to ) style show, car washes, rabies clinic, parades, etc.

(g) Entering into contracts for maintenance and/repair of Shelter buildings and grounds at GSHSI's expense, it being understood that any single repair or replacement that costs in excess of $1000. shall have prior approval by GSHSI's board of directors'

(h) Investigating and acting on complaints against any of GSHSI's volunteers at the Shelter;

(i) Purchase supplies to maintain and run the Shelter; and

(j) All other duties which are related or incidental to the day-to-day running of the Shelter.

Mary Rein shall be entitled to check writing privileges on one or more GSHSI bank accounts in order to carry out her obligations hereunder.

*5. Compensation.* In exchange for Mary Rein devoting not less than 20 hours per week towards the duties set forth in this Contract, but subject to Mary Rein's "vacation periods" as described above, GSHSI shall pay Mary Rein $1500. per month, payable on the first day and fifteenth day of each and every month. Nothing in this Contract shall require Mary Rein to work in excess of 20 hours per week. In the event that Mary Rein deems it necessary to devote more

COPY

2

than 20 hours per week towards the duties set forth in this Contract, she shall be entitled (but not required to do so, up to a maximum of _40_ hours per week, and shall be compensated at the rate of $6.00 per hour of work actually performed in excess of 20 hours. Mary Rein shall keep records of all hours worked that exceed 20 hours per week and shall submit those records to GSHSI, which shall compensate Mary Rein for them in her next paycheck. Mary Reins' attendance at any GSHSI board meeting or special meeting shall count as time worked for purposes of calculating Mary Rein's compensation as set forth in this paragraph. GSHSI shall not withhold any payroll taxes or make any other withholdings from Mary Rein's compensation.

6. *Other Reimbursement and Benefits.* In addition to Mary Rein's compensation as set forth in paragraph 5 above, GSHSI shall reimburse Mary Rein for all expenditures she makes for supplies, operational expenditures, advertising, utilities, training expenses, fixtures, and all other expenditures that are for the benefit of the Shelter. GSHSI shall provide and maintain petty cash of not less than $125. at the Shelter to minimize Mary Rein having to spend personal money on Shelter-related items. Mary Rein shall be reimbursed at the rate of 36 cents per mile on a bi-weekly basis for all miles driven by her while performing the services set forth in this Contract. GSHSI shall also reimburse Mary Rein 100% of all repairs or replacements to any of her personal property that result from or are related to or occur when performing any of the services set forth in this Contract. Finally, GSHSI shall indemnify Mary Rein and hold her harmless from all costs, damages, amounts and expenditures (including without limitation attorney's fees and court costs) that Mary Rein incurs in connection with or that arising out of, either in whole or in part, Mary Rein performing any of the services set forth in this Contract.

7. *Illness or Disability.* In the event of Mary Rein's illness, short-term disability or other circumstances which completely prevents Mary Rein from fulfilling all of her duties under this Contract for a continuous period of more than three weeks but less than six months, Mary Rein shall still be paid all compensation that would otherwise be due to her as set forth herein, if the illness, short-term disability or other circumstances was caused, either in whole or in part, or arises out of, either in whole or in part, performance of any duties under this Contract. If said illness, short-term disability or other circumstances was wholly caused by other reasons, Mary Rein's compensation shall be suspended until such time as she begins performing services again hereunder. If any such illness, short-term disability or other circumstance completely prevents Mary Rein from fulfilling all of her duties hereunder for a continuous period of more than six months, GSHSI shall be entitled to terminate this contract upon 30 days written notice after the expiration of the said six month period, it being understood that Mary Rein shall be paid during the full six month period.

8. *No Assignment.* This Contact may not be assigned either in whole or in part without the prior written consent of the other party.

9. *Costs of Enforcement.* In the event that either party to this Contract brings an action for breach or to otherwise enforce or interpret any of the terms of this Contract and shall obtain a judgment in its favor, then said party shall be entitled to recover all costs and expenses incurred, including reasonable attorney's fees.

COPY                3

**10.** *Governing Law and Venue.* Arkansas law shall govern the interpretation and enforcement of this Contract. Any and all litigation that pertains to this Contract in any way shall be brought exclusively in the Western District of Carroll County, Arkansas.

We hereby agree to the terms of this Contract as of the date written above.

The Good Shepherd Humane Society, Inc. by

_____
Authorized Representative

_____
Mary Rein

_____
Authorized Representative

COPY

4

*Exhibit "C"*

# CONTRACT FOR SERVICES

This Contract for Services ("Contract") as made as of May __11__, 2005, by and between Boyd J. Bush ("Bush"), an individual and resident of Eureka Springs, Arkansas, and The Good Shepherd Humane Society, Inc. ("GSHSI"), an Arkansas non-profit corporation with its principal place of business in Eureka Springs, Arkansas.

WHEREAS, GSHSI owns and operates several thrift stores that sell merchandise and is in need of a person to manage said locations as well as any others that may be opened in the near future; and

WHEREAS, Bush has agreed to manage said thrift stores on the terms and conditions set forth in this Contract.

It is therefore agreed as follows:

1. ***Basic Agreement.*** On the terms and conditions set forth in this Contract, Bush agrees to manage GSHSI's Eureka Springs thrift store and its Missouri thrift store, as well as any other thrift stores that GSHSI may open that are within a reasonable distance from Eureka Springs, Arkansas. The Eureka Springs store, the Missouri Store, and any such other stores are collectively referred to in this Contract as the "Stores." This Contract shall remain in full force and effect even if the Missouri thrift store or the Eureka Springs store closes.

2. ***Term.*** Subject to paragraph 5 below, this Contract shall be for a period of three years from the date of this Contract, provided that Bush shall be entitled to resign his employment at any time during the said three-year period as long as he gives two-weeks prior notice. Notwithstanding the foregoing, GSHSI shall be entitled to terminate this Contract for "Cause" during the said three year period. "Cause" is specifically defined as a conviction of Boyd in a court of competent jurisdiction of any crime that is classified as a felony under Arkansas or Federal law. No other circumstance or occurrence shall constitute "Cause" hereunder. Upon expiration of the initial three year term, this Contract shall automatically renew on a month-to-month basis on the same terms and conditions that are set forth herein except that GSHSI shall be entitled to terminate the Contract by giving Bush thirty days prior written notice. Bush shall remain entitled to terminate this Contract by giving GSHSI two weeks prior advance notice.

3. ***Independent Contractor.*** Bush shall at all times be an independent contractor and not a GSHSI employee. The parties acknowledge that GSHSI has no authority to manage or direct Bush's day to day actions and activities or the manner in which Bush carries out his obligations in this Contract, and GSHSI shall not attempt to manage or direct any such activities. Bush shall at all times be free to decide the specific times that he works in managing the Stores, the method and manner of managing the Stores, and all other things that are necessary in order to carry out his obligations herein. It setting those hours it is acknowledged that there will be times of up to



two weeks that Bush shall not be at the Stores while he is on vacation or doing other things, but such times shall not exceed a total of four weeks in any calendar year. Said "off times" shall still be paid and shall not count against Bush when determining whether he has worked 20 hours per week. The parties intend for said periods to be considered equivalent to "vacation periods" even though Bush is not an employee. It is the intent of the parties to this Contract that Bush shall have wide authority and discretion to carry out his duties hereunder and neither GSHSI nor any representative of GSHSI shall exercise or attempt to exercise any control over Bush except to generally monitor his performance of his duties as set forth below.

4. *Bush's Duties.* In managing the Stores, Bush shall have the following rights and duties:

(a) Recruiting, training, supervising, "hiring" and "firing" all volunteers, it being understood that there shall be no actual paid employees without the prior consent of GSHSI's board of directors;

(b) Contracting with utility service providers for the Stores;

(c) Collect and deposit all Stores' receipts, it being understood that Bush may delegate some of this responsibility from time to time;

(d) Making periodic reports to GSHSI's board of all receipts and expenditures of the Stores;

(e) Advertising, marketing and setting prices for all Stores' merchandise;

(f) Soliciting donations, it being understood that GSHSI and others shall also have the non-exclusive right to raise donations and Bush shall not be responsible for any outside fundraisers such as (but not limited to) style show, car washes, rabies clinic, parades, etc.;

(g) Entering into contracts for maintenance and/or repair of any buildings where any Stores may be located at GSHSI's expense, it being understood that any single repair or replacement that costs in excess of $1,000 shall have prior approval by GSHSI's board of directors;

(h) Investigating and acting on complaints against any of GSHSI's volunteers at or for any of the Stores;

(i) Purchase supplies to maintain and run the Stores;

(j) All other duties which are related or incidental to the day-to-day running of the Stores; and

(k) Investigate and report to GSHSI's board on any complaints against GSHSI's animal shelter or any volunteers or employees who work there, provided that GSHSI's board will be responsible for taking action, if warranted, on Bush's reports.

Bush shall be entitled to check writing privileges on one or more GSHSI bank accounts in order to carry out his obligations hereunder.



Page 2

5. *Compensation*. In exchange for Bush devoting not less than 20 hours per week towards the duties set forth in this Contract, but subject to Bush's "vacation periods" as described above, GSHSI shall pay Bush $1,500 per month, payable on the first day and fifteenth day of each and every month. Nothing in this Contract shall require Bush to work in excess of 20 hours per week. In the event that Bush deems it necessary to devote more than 20 hours per week towards the duties set forth in this Contract, he shall be entitled (but not required) to do so, up to a maximum of _40_ hours per week, and shall be compensated at the rate of $6.00 per hour of work actually performed in excess of 20 hours. Bush shall keep records of all hours worked that exceed 20 hours per week and shall submit those records to GSHSI, which shall compensate Bush for them in his next paycheck. Bush's attendance at any GSHSI board meeting or special meeting shall count as time worked for purposes of calculating Bush's compensation as set forth in this paragraph. GSHSI shall not withhold any payroll taxes or make any other withholdings from Bush's compensation.

6. *Other Reimbursement and Benefits*. In addition to Bush's compensation as set forth in paragraph 5 above, GSHSI shall reimburse Bush for all expenditures he makes for supplies, operational expenditures, advertising, utilities, training expenses, fixtures, and all other expenditures that are for the benefit of or related to the Stores. GSHSI shall provide and maintain petty cash of not less than $125 at each Store so as to minimize Bush having to spend personal money on Store-related items. Bush shall also be reimbursed at the rate of 36 cents per mile on a bi-weekly basis for all miles driven by him while performing the services set forth in this Contract. GSHSI shall also reimburse Bush 100% of all repairs or replacements to any of Bush's personal property that result from or are related to or occur when performing any of the services set forth in this Contract. GSHSI shall also reimburse Bush 100% of all charges for medical services or supplies that Bush incurs that result from or are related to or occur when performing any of the services set forth in this Contract. Finally, GSHSI shall indemnify Bush for and hold Bush harmless from all costs, damages, amounts and expenditures (including without limitation attorney's fees and court costs) that Bush incurs in connection with or that arising out of, either in whole or in part, Bush performing any of the services set forth in this Contract.

7. *Illness or Disability*. In the event of Bush's illness, short-term disability or other circumstances which completely prevents Bush from fulfilling all of his duties under this Contract for a continuous period of more than three weeks but less than six months, Bush shall still be paid all compensation that would otherwise be due to him as set forth herein, if the illness, short-term disability or other circumstances was caused, either in whole or in part, or arises out of, either in whole or in part, performance of any duties under this Contract. If said illness, short-term disability or other circumstances was wholly caused by other reasons, Bush's compensation shall be suspended until such time as he begins performing services again hereunder. If any such illness, short-term disability or other circumstance completely prevents Bush from fulfilling all of his duties hereunder for a continuous period of more than six months, GSHSI shall be entitled to terminate this contract upon 30 days written notice after the expiration

Page 3



of the said six month period, it being understood that Bush shall be paid during the full six-month period.

**8.** *No Assignment.* This Contract may not be assigned either in whole or in part without the prior written consent of the other party.

**9.** *Costs of Enforcement.* In the event that either party to this Contract brings an action for breach or to otherwise enforce or interpret any of the terms of this Contract and shall obtain a judgment in its favor, then said party shall be entitled to recover all costs and expenses incurred, including reasonable attorney's fees.

**10.** *Joint Preparation.* It is acknowledged that this Contract was prepared by Lisle Law Firm, P.A. in connection with its representation of Bush, only. Subject to the foregoing, the parties desire that this Contract not be interpreted for or against either one of them merely because of its role in drafting it. It is the desire and intent of the parties that this Contract be interpreted as if both parties played an equal role in its preparation.

**11.** *Governing Law and Venue.* Arkansas law shall govern the interpretation and enforcement of this Contract. Any and all litigation that pertains to this Contract in any way shall be brought exclusively in the Western District of Carroll County, Arkansas.

We hereby agree to the terms of this Contract as of the date written above.

The Good Shepherd Humane Society, Inc., by

_____
Authorized Representative

_____ 5-11-05
Boyd J. Bush

_____
Authorized Representative

Page 4

COPY

IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS
WESTERN DISTRICT
CIVIL DIVISION

IN RE: THE GOOD SHEPHERD HUMANE SOCIETY, INC.

By:   THE BANK OF EUREKA SPRINGS                    **PETITIONER**

CIV 2005-103

JOHN REEVE, PRESIDENT
GOOD SHEPHERD HUMANE SOCIETY, INC.          **INTERVENOR**
                                             **Third Party Petitioner**

Vs.

MARTY MARTINEK, BOYD BUSH,
SHIRLEY TINKIS, CARTER REIN,
MARILYN STOCKWELL, MAGGIE TATUM,
SHARON JACOBSON AND DAVID RUSH
AS PREVIOUS BOARD MEMBERS OF
THE GOOD SHEPHERD HUMANE SOCIETY, INC.      **RESPONDENTS**

### SEPARATE RESPONDENT, BOYD BUSH'S, ANSWER TO CROSS PETITION

COMES NOW the Separate Respondent, Boyd Bush, by and through his undersigned attorney, and for his Answer to Cross-Petition filed by Intervenor, John Reeve, President, Good Shepherd Humane Society, Inc., respectfully states as follows:

1.   Separate Respondent, Bush, acknowledges that a copy of a Mortgage was attached to the Cross Petition as Exhibit "A".

2.     Separate Respondent, Bush, states that the document attached as Exhibit "A" to the Cross Petition speaks for itself. In as much as any material allegations are contained in Paragraph No. 2, Separate Respondent denies same.

3.     Separate Respondent, Bush, admits the averments contained in Paragraph No. 3 of the Cross Petition.

4.     Separate Respondent, Bush, denies the averments contained in Paragraph No. 4 of the Cross Petition.

5.     Separate Respondent, Bush, denies the averments contained in Paragraph No. 5 of the Cross Petition.

6.     Separate Respondent, Bush, denies the averments contained in Paragraph No. 6 of the Cross Petition.

7.     Separate Respondent, Bush, is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph No. 7 of the Cross Petition. Therefore, such averments are denied. However, Bush states affirmatively that GSHS owes him money.

8.     Separate Respondent, Bush, states that the document attached as Exhibit "A" to the Cross Petition speaks for itself. In as much as any material allegations are contained in Paragraph No. 8, Separate Respondent denies same.

9.     Separate Respondent, Bush, denies the averments contained in Paragraph No. 9 of the Cross Petition.

10.     Separate Respondent, Bush, denies the averments contained in Paragraph No. 10 of the Cross Petition.

11.    Separate Respondent, Bush, is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph No. 11 of the Cross Petition. Therefore, such averments are denied.

12.    Paragraph No. 12 does not require either admission or denial.

13.    Separate Respondent, Bush, pleads any and all affirmative defenses available to him under Rule 8 of the Arkansas Rules of Civil Procedure.

14.    Separate Respondent, Bush, reserves the right to amend this Answer to include such other affirmative defenses and/or counterclaims as may be warranted upon discovery in this action.

WHEREFORE, premises considered, Separate Respondent, Boyd Bush, prays this Court to deny the Cross Petition of Intervenor, John Reeve; that he be awarded his attorney fees and costs incurred in defending this action; and, for any and all other relief to which Bush may prove himself entitled.

DATED this ___21___ day of December 2005.

Respectfully submitted for the Separate
Respondent, Boyd Bush,

By: _____
Gene A. Franco, ABA #94197
Attorney for Separate Respondent

LISLE LAW FIRM, P.A.
1458 Plaza Place, Suite 101
Springdale, AR   72764-5273
(479) 750-4444
(479) 751-6792 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that I have delivered a true and correct copy of the foregoing document to the attorneys of record of all parties hereto by placing same in envelopes, First Class Postage Prepaid, addressed to Hon. Gerald K. Crow, 203 Public Square, Berryville, AR 72616; Hon. Scott P. Harrison, 2928 McKee Circle, Suite 121, Fayetteville, AR 72703; Hon. J. Christopher Harris, Keith, Miller, Butler & Webb, 224 South 2nd Street, Rogers, AR 72756; and, Hon. Mary-Marsha Hardin, Matthews, Campbell, Rhoads, McClure, Thompson & Fryauf, P.A., 119 South Second Street, Rogers, AR 72756-4525, and placing said envelopes in the U.S. Mail on this 21st day of December 2005.

Gene A. Franco

## SUMMONS

### IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS
### WESTERN DISTRICT

PLAINTIFF:              **BANK OF EUREKA SPRINGS**
CROSS PETITIONER:       JOHN REEVE, PRESIDENT GOOD SHEPHERD HUMANE SOCIETY, INC.

VS.                          NO. CV 2005-~~130~~ /03

RESPONDENT:             JOHN REEVE, PRESIDENT GOOD SHEPHERD HUMANE SOCIETY, INC.

VS.

RESPONDENT:             MARTY MARTINEK, BOYD BUSH,
                        SHIRLEY TINKIS, CARTER REIN,
                        MARILYN STOCKWELL, MAGGIE TATUM,
                        SHARON JACOBSON AND DAVID RUSH
                        AS PREVIOUS BOARD MEMBERS OF
                        THE GOOD SHEPHERD HUMANE SOCIETY, INC

RESPONDENT'S ATTORNEY:  **GERALD K. CROW**
ADDRESS:                P.O. BOX 129  BERRYVILLE, AR 72616

THE STATE OF ARKANSAS TO RESPONDENTS: MARTY MARTINEK, BOYD BUSH,
                        SHIRLEY TINKIS, CARTER REIN,
                        MARILYN STOCKWELL, MAGGIE TATUM,
                        SHARON JACOBSON AND DAVID RUSH
                        AS PREVIOUS BOARD MEMBERS OF
                        THE GOOD SHEPHERD HUMANE SOCIETY, INC

ADDRESS:

### NOTICE
1. You are hereby notified that lawsuit has been filed against you; the relief asked is stated in the attached complaint;
2. The attached complaint will be considered admitted by you and a judgment by default may be entered against you for the relief asked in the complaint unless you file a pleading and thereafter appear and present you defense. Your pleading or answer must meet the following requirements:
   a. It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure.
   b. It must be filed in the court clerk's office within twenty (20) days from the day you were served with this summons.
3. If you desire to be represented by an attorney you should immediately contact your attorney so that an answer can be filed for you within the time allowed.
4. Additional notices: None

WITNESS MY HAND AND SEAL OF THIS COURT THIS THE
2nd day of DECEMBER, 2005

Address of Clerk's Office:
Circuit and Chancery Clerk

Carroll County Courthouse
P.O. Box 109, Eureka Springs, AR  72632

_Ramona Wilson_
RAMONA WILSON, Clerk

_Kathryn Head_
Deputy Clerk

STATE OF ARKANSAS
COUNTY OF CARROLL

On this the $\underline{9}$ day of $\underline{December}$, 2005, I have duly served the within writ, by delivering a copy and stating the substance thereof, to the within named $\underline{MARTY\ MARTINEZ}$

SHERIFF/Process Server

Deputy Sheriff

STATE OF ARKANSAS
COUNTY OF CARROLL

Subscribed and Sworn to before me this $\underline{9th}$ day of $\underline{December}$, 2005.

Notary Public
My Commission Expires: $\underline{6-4-12}$

"NOTARY SEAL"
Debra Shinny, Notary Public
Carroll County, State of Arkansas
My Commission Expires June 4, 2012.

IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS
WESTERN DISTRICT

IN RE: GOOD SHEPHERD HUMANE SOCIETY, INC.

BANK OF EUREKA SPRINGS
PETITIONER

VS.                         NO. CIV 2005-103

JOHN REEVE, PRESIDENT GOOD SHEPHERD HUMANE
SOCIETY, INC.
INTERVENOR
Third Party Petitioner

VS.

MARTY MARTINEK, BOYD BUSH, SHIRLEY TINKIS,
CARTER REIN, MARILYN STOCKWELL, MAGGIE TATUM,
SHARON JACOBSON AND DAVID RUSH, AS PREVIOUS
BOARD MEMBERS OF THE GOOD SHEPHERD HUMANE
SOCIETY, INC.

RESPONDENTS

### AFFIDAVIT OF SERVICE

STATE OF ARKANSAS

COUNTY OF CARROLL

Comes now Gerald K. Crow, Attorney At Law, PLC, and after having first been duly sworn doth state the following under oath:

1.

That on the 2nd day of December, 2005, I caused to be mailed by certified mail, return receipt requested, a letter along with a copy of the summons and petition, issued in the above referenced matter, to Boyd Bush, a Respondent in this action.

2.

That on the 6th day of December, 2005, Boyd Bush, Respondent herein received the letter,

summons and petition as evidenced by the return receipt attached to a copy of the letter sent to

Boyd Bush, which is attached as Exhibit "A" to this affidavit.

3.

That I have read the above and foregoing and they are true and correct to the best of my

knowledge, information and belief.

_____
GERALD K. CROW

### ACKNOWLEDGEMENT

STATE OF ARKANSAS

COUNTY OF CARROLL

BE IT REMEMBERED, That on this day personally appeared before me, a duly qualified and commissioned Notary Public, GERALD K. CROW, to me well known as the Affiant in the above and foregoing Affidavit of Service, and stated to me that he had executed same for the purposes and consideration therein contained.

WITNESS my hand and seal this 28th day of December, 2005.

_____
Notary Public

My Commission Exp: 6-4-2012

"NOTARY SEAL"
Debra Shiney, Notary Public
Carroll County, State of Arkansas
My Commission Expires June 4, 2012.

2

## U.S. Postal Service™
## CERTIFIED MAIL™ RECEIPT
### (Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

EUREKA SPRINGS, AR 72632

| | | |
|---|---|---|
| Postage | $ 1.06 | UNIT ID: 0216 |
| Certified Fee | 2.30 | Postmark Here |
| Return Receipt Fee (Endorsement Required) | 1.75 | |
| Restricted Delivery Fee (Endorsement Required) | 3.50 | Clerk: KBPW3D |
| Total Postage & Fees | $ 8.61 | 12/02/05 |

Sent To *Boyd Bush*
Street, Apt. No.; or PO Box No. *192 Cooper Hollow Rd.*
City, State, ZIP+4 *Eureka Springs AR 72616*

PS Form 3800, June 2002      See Reverse for Instructions

7005 1160 0002 8234 7475

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*Boyd Bush*
*192 Cooper Hollow Rd.*
*Eureka Spr., AR 72632*

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name) *Boyd J. Bush*  | C. Date of Delivery 12 6 05

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☒ Yes

2. Article Number
7005 1160 0002 8234 7475

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540


EXHIBIT "A"

IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS
WESTERN DISTRICT

IN RE: GOOD SHEPHERD HUMANE SOCIETY, INC.

BANK OF EUREKA SPRINGS                                                PETITIONER

VS.                                    NO. CIV 2005-103

JOHN REEVE, PRESIDENT GOOD SHEPHERD HUMANE
SOCIETY, INC.                                                        INTERVENOR
                                                                Third Party Petitioner

VS.

MARTY MARTINEK, BOYD BUSH, SHIRLEY TINKIS,
CARTER REIN, MARILYN STOCKWELL, MAGGIE TATUM,
SHARON JACOBSON AND DAVID RUSH, AS PREVIOUS
BOARD MEMBERS OF THE GOOD SHEPHERD HUMANE
SOCIETY, INC.                                                      RESPONDENTS

## AFFIDAVIT OF SERVICE

STATE OF ARKANSAS

COUNTY OF CARROLL

Comes now Gerald K. Crow, Attorney At Law, PLC, and after having first been duly sworn

doth state the following under oath:

1.

That on the 2nd day of December, 2005, I caused to be mailed by certified mail, return

receipt requested, a letter along with a copy of the summons and petition, issued in the above

referenced matter, to David Rush, a Respondent in this action.

2.

That on the 5th day of December, 2005, David Rush, Respondent herein received the letter, summons and petition as evidenced by the return receipt attached to a copy of the letter sent to David Rush, which is attached as Exhibit "A" to this affidavit.

3.

That I have read the above and foregoing and they are true and correct to the best of my knowledge, information and belief.

GERALD K. CROW

ACKNOWLEDGEMENT

STATE OF ARKANSAS

COUNTY OF CARROLL

BE IT REMEMBERED, That on this day personally appeared before me, a duly qualified and commissioned Notary Public, GERALD K. CROW, to me well known as the Affiant in the above and foregoing Affidavit of Service, and stated to me that he had executed same for the purposes and consideration therein contained.

WITNESS my hand and seal this 28th day of December, 2005.

Notary Public

My Commission Exp: 6-4-2012

"NOTARY
Debra Shiney
Carroll County,              ansas
Commission              June 4, 2012.

"NOTARY SEAL"
Debra Shiney, Notary Public
Carroll County, State of Arkansas
My Commission Expires June 4, 2012.

2

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

EUREKA SPRINGS, AR 72632

| Postage | $ | 1.06 | UNIT ID: 0216 |
| Certified Fee | | 2.30 | |
| Return Receipt Fee (Endorsement Required) | | 1.75 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | 3.50 | Clerk: KBPW3D |
| Total Postage & Fees | $ | 8.61 | 12/02/05 |

Sent To  David Rush
Street, Apt. No.: or PO Box No.  3022 E. Van Buren Suite E
City, State, ZIP+4  Eureka Springs, AR 72632

PS Form 3800, June 2002   See Reverse for Instructions

7005 1160 0002 8234 7468

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

David Rush
3022 E. Van Buren
Suite E
Eureka Springs, AR
72632

2. Article Number

7005 1160 0002 8234 7468

PS Form 3811, February 2004    Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _David M. Rush_    ☐ Agent   ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery
David Rush    12/05/05

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

EUREKA SPRINGS, AR 72632
DEC 5 2005 USPS

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☒ Yes

102595-02-M-1540



EXHIBIT A

IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS
WESTERN DISTRICT

IN RE: GOOD SHEPHERD HUMANE SOCIETY, INC.

BANK OF EUREKA SPRINGS                                        PETITIONER

VS.                                     NO. CIV 2005-103

JOHN REEVE, PRESIDENT GOOD SHEPHERD HUMANE
SOCIETY, INC.                                                INTERVENOR
                                                     Third Party Petitioner

VS.

MARTY MARTINEK, BOYD BUSH, SHIRLEY TINKIS,
CARTER REIN, MARILYN STOCKWELL, MAGGIE TATUM,
SHARON JACOBSON AND DAVID RUSH, AS PREVIOUS
BOARD MEMBERS OF THE GOOD SHEPHERD HUMANE
SOCIETY, INC.                                               RESPONDENTS

## AFFIDAVIT OF SERVICE

STATE OF ARKANSAS

COUNTY OF CARROLL

Comes now Gerald K. Crow, Attorney At Law, PLC, and after having first been duly sworn doth state the following under oath:

1.

That on the 2nd day of December, 2005, I caused to be mailed by certified mail, return receipt requested, a letter along with a copy of the summons and petition, issued in the above referenced matter, to Marilyn Stockwell, a Respondent in this action.

2.

That on the 5th day of December, 2005, Marilyn Stockwell, Respondent herein received the letter, summons and petition as evidenced by the return receipt attached to a copy of the letter sent to Marilyn Stockwell, which is attached as Exhibit "A" to this affidavit.

3.

That I have read the above and foregoing and they are true and correct to the best of my knowledge, information and belief.

_____
GERALD K. CROW

## ACKNOWLEDGEMENT

STATE OF ARKANSAS

COUNTY OF CARROLL

BE IT REMEMBERED, That on this day personally appeared before me, a duly qualified and commissioned Notary Public, GERALD K. CROW, to me well known as the Affiant in the above and foregoing Affidavit of Service, and stated to me that he had executed same for the purposes and consideration therein contained.

WITNESS my hand and seal this 28th day of December, 2005.

_____
Notary Public

My Commission Exp: 6-4-2012

> "NOTARY SEAL"
> Debra Shiney, Notary Public
> Carroll County, State of Arkansas
> My Commission Expires June 4, 2012

2

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE
EUREKA SPRINGS, AR 72631

| | | |
|---|---|---|
| Postage | $ 1.06 | UNIT ID: 0216 |
| Certified Fee | 2.30 | Postmark Here |
| Return Receipt Fee (Endorsement Required) | 1.75 | |
| Restricted Delivery Fee (Endorsement Required) | 3.50 | Clerk: KBPW3D |
| Total Postage & Fees | $ 8.61 | 12/02/05 |

Sent To *Marilyn Stockwell*
Street, Apt. No., or PO Box No. *69 Venus Drive*
City, State, ZIP+4 *Holiday Island, AR 72631*

7005 1160 0002 8234 7444

PS Form 3800, June 2002    See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*Marilyn Stockwell*
*69 Venus Drive*
*Holiday Island, AR*
*72631*

2. Article Number   7005 1160 0002 8234 7444

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X *Marilyn Stockwell*    ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery  12-5-05

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☒ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☒ Yes

---


EXHIBIT A

IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS
WESTERN DISTRICT
CIVIL DIVISION

IN RE: THE GOOD SHEPHERD HUMANE SOCIETY, INC.

By: THE BANK OF EUREKA SPRINGS        **PETITIONER**

CIV 2005-103

JOHN REEVE, PRESIDENT
GOOD SHEPHERD HUMANE SOCIETY, INC.     **INTERVENOR**
                                             **Third Party Petitioner**

Vs.

MARTY MARTINEK, BOYD BUSH,
SHIRLEY TINKIS, CARTER REIN,
MARILYN STOCKWELL, MAGGIE TATUM,
SHARON JACOBSON AND DAVID RUSH
AS PREVIOUS BOARD MEMBERS OF
THE GOOD SHEPHERD HUMANE SOCIETY, INC.     **RESPONDENTS**

## SEPARATE RESPONDENT, MARTY MARTINEK'S, ANSWER TO CROSS PETITION

COMES NOW the Separate Respondent, Marty Martinek, and for his Answer to Cross-Petition

filed by Intervenor, John Reeve, President, Good Shepherd Humane Society, Inc., respectfully states as follows:

1. Separate Respondent, Marty Martinek, acknowledges that a copy of a Mortgage was

attached to the Cross Petition as Exhibit "A".

2. Separate Respondent, Marty Martinek, states that the document attached as Exhibit "A" to the Cross Petition speaks for itself. In as much as any material allegations are contained in Paragraph No.2, Separate Respondent denies same.

3. Separate Respondent, Marty Martinek, admits the averments contained in Paragraph No.3 of the Cross Petition.

4. Separate Respondent, Marty Martinek, denies the averments contained in Paragraph No.4 of the Cross Petition.

5. Separate Respondent, Marty Martinek, denies the averments contained in Paragraph No.5 of the Cross Petition.

6. Separate Respondent, Marty Martinek, denies the averments contained in Paragraph No.6 of the Cross Petition.

7. Separate Respondent, Marty Martinek, is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph No.7 of the Cross Petition. Therefore, such averments are denied.

8. Separate Respondent, Marty Martinek, states that the document attached as Exhibit "A" to the Cross Petition speaks for itself. In as much as any material allegations are contained in Paragraph No.8, Separate Respondent denies same.

9. Separate Respondent, Marty Martinek, denies the averments contained in Paragraph No.9 of the Cross Petition.

10. Separate Respondent, Marty Martinek, denies the averments contained in Paragraph No.1 0 of the Cross Petition.

11. Separate Respondent, Marty Martinek, is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph No. 11 of the Cross Petition. Therefore, such averments are denied.

12. Paragraph No. 12 does not require either admission or denial.

13. Separate Respondent, Marty Martinek, pleads any and all affirmative defenses available to him under Rule 8 of the Arkansas Rules of Civil Procedure.

14. Separate Respondent, Marty Martinek, reserves the right to amend this Answer to include such other affirmative defenses and/or counterclaims as may be warranted upon discovery in this action.

WHEREFORE, premises considered, Separate Respondent, Marty Martinek, prays this Court to deny the Cross Petition of Intervenor, John Reeve; that he be awarded his attorney fees and costs incurred in defending this action; and, for any and all other relief to which Martinek may prove himself entitled.

DATED this 5 day of _JANUARY 2006_

Respectfully submitted for the Separate
Respondent, Marty Martinek,

IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS
WESTERN DISTRICT
CIVIL DIVISION

IN RE: THE GOOD SHEPHERD HUMANE SOCIETY, INC.

By: THE BANK OF EUREKA SPRINGS   **PETITIONER**

CIV 2005-103

JOHN REEVE, PRESIDENT
GOOD SHEPHERD HUMANE SOCIETY, INC. **INTERVENOR**
**Third Party Petitioner**

Vs.

MARTY MARTINEK, BOYD BUSH,
SHIRLEY TINKIS, CARTER REIN,
MARILYN STOCKWELL, MAGGIE TATUM,
SHARON JACOBSON AND DAVID RUSH
AS PREVIOUS BOARD MEMBERS OF
THE GOOD SHEPHERD HUMANE SOCIETY, INC. **RESPONDENTS**



## SEPARATE RESPONDENT, MARILYN STOCKWELL'S ANSWER TO CROSS PETITION

COMES NOW the Separate Respondent, Marilyn Stockwell, and for her Answer to Cross-Petition

filed by Intervenor, John Reeve, President, Good Shepherd Humane Society, Inc., respectfully states as follows:

1. Separate Respondent, Marilyn Stockwell, acknowledges that a copy of a Mortgage was

attached to the Cross Petition as Exhibit "A".

2. Separate Respondent, Marilyn Stockwell, states that the document attached as Exhibit "A" to the Cross Petition speaks for itself. In as much as any material allegations are contained in Paragraph No.2, Separate Respondent denies same.

3. Separate Respondent, Marilyn Stockwell, admits the averments contained in Paragraph No.3 of the Cross Petition.

4. Separate Respondent, Marilyn Stockwell, denies the averments contained in Paragraph No.4 of the Cross Petition.

5. Separate Respondent, Marilyn Stockwell, denies the averments contained in Paragraph No.5 of the Cross Petition.

6. Separate Respondent, Marilyn Stockwell, denies the averments contained in Paragraph No.6 of the Cross Petition.

7. Separate Respondent, Marilyn Stockwell, is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph No.7 of the Cross Petition. Therefore, such averments are denied.

8. Separate Respondent, Marilyn Stockwell, states that the document attached as Exhibit "A" to the Cross Petition speaks for itself. In as much as any material allegations are contained in Paragraph No.8, Separate Respondent denies same.

9. Separate Respondent, Marilyn Stockwell, denies the averments contained in Paragraph No.9 of the Cross Petition.

10. Separate Respondent, Marilyn Stockwell, denies the averments contained in Paragraph No.1 0 of the Cross Petition.

11. Separate Respondent, Marilyn Stockwell, is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph No. 11 of the Cross Petition. Therefore, such averments are denied.

12. Paragraph No. 12 does not require either admission or denial.

13. Separate Respondent, Marilyn Stockwell, pleads any and all affirmative defenses available to her under Rule 8 of the Arkansas Rules of Civil Procedure.

14. Separate Respondent, Marilyn Stockwell, reserves the right to amend this Answer to include such other affirmative defenses and/or counterclaims as may be warranted upon discovery in this action.

WHEREFORE, premises considered, Separate Respondent, Marilyn Stockwell, prays this Court to deny the Cross Petition of Intervenor, John Reeve; that she be awarded her attorney fees and costs incurred in defending this action; and, for any and all other relief to which Stockwell may prove herself entitled.

DATED this 5 day of January 2006

Respectfully submitted for the Separate Respondent, Marilyn Stockwell

Marilyn Stockwell

IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS
WESTERN DISTRICT
CIVIL DIVISION

IN RE: THE GOOD SHEPHERD HUMANE SOCIETY, INC.

By: THE BANK OF EUREKA SPRINGS                    PETITIONER

CIV 2005-103

JOHN REEVE, PRESIDENT
GOOD SHEPHERD HUMANE SOCIETY, INC.            INTERVENOR
                                              Third Party Petitioner

Vs.

MARTY MARTINEK, BOYD BUSH,
SHIRLEY TINKIS, CARTER REIN,
MARILYN STOCKWELL, MAGGIE TATUM,
SHARON JACOBSON AND DAVID RUSH
AS PREVIOUS BOARD MEMBERS OF
THE GOOD SHEPHERD HUMANE SOCIETY, INC.       RESPONDENTS

## SEPARATE RESPONDENT, CARTER REIN'S, ANSWER TO CROSS PETITION

COMES NOW the Separate Respondent, Carter Rein, and for his Answer to Cross-Petition

filed by Intervenor, John Reeve, President, Good Shepherd Humane Society, Inc., respectfully states as follows:

1. Separate Respondent, Carter Rein, acknowledges that a copy of a Mortgage was

attached to the Cross Petition as Exhibit "A".

Page 1

2. Separate Respondent, Carter Rein, states that the document attached as Exhibit "A" to the Cross Petition speaks for itself. In as much as any material allegations are contained in Paragraph No.2, Separate Respondent denies same.

3. Separate Respondent, Carter Rein, admits the averments contained in Paragraph No.3 of the Cross Petition.

4. Separate Respondent, Carter Rein, denies the averments contained in Paragraph No.4 of the Cross Petition.

5. Separate Respondent, Carter Rein, denies the averments contained in Paragraph No.5 of the Cross Petition.

6. Separate Respondent, Carter Rein, denies the averments contained in Paragraph No.6 of the Cross Petition.

7. Separate Respondent, Carter Rein, is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph No.7 of the Cross Petition. Therefore, such averments are denied.

8. Separate Respondent, Carter Rein, states that the document attached as Exhibit "A" to the Cross Petition speaks for itself. In as much as any material allegations are contained in Paragraph No.8, Separate Respondent denies same.

9. Separate Respondent, Carter Rein, denies the averments contained in Paragraph No.9 of the Cross Petition.

10. Separate Respondent, Carter Rein, denies the averments contained in Paragraph No.1 0 of the Cross Petition.

11. Separate Respondent, Carter Rein, is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph No. 11 of the Cross Petition. Therefore, such averments are denied.

12. Paragraph No. 12 does not require either admission or denial.

13. Separate Respondent, Carter Rein, pleads any and all affirmative defenses available to HIM her under Rule 8 of the Arkansas Rules of Civil Procedure.

14. Separate Respondent, Carter Rein, reserves the right to amend this Answer to include such other affirmative defenses and/or counterclaims as may be warranted upon discovery in this action.

WHEREFORE, premises considered, Separate Respondent, Carter Rein, prays this Court to deny the Cross Petition of Intervenor, John Reeve; that he be awarded his attorney fees and costs incurred in defending this action; and, for any and all other relief to which Rein may prove himself entitled.

DATED this 5 day of January, 2006

Respectfully submitted for the Separate Respondent, Carter Rein

## SUMMONS

### IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS
### WESTERN DISTRICT

PLAINTIFF:  **BANK OF EUREKA SPRINGS**
CROSS PETITIONER: JOHN REEVE, PRESIDENT GOOD SHEPHERD HUMANE SOCIETY, INC.

VS.         NO. CV 2005-103

RESPONDENT:  JOHN REEVE, PRESIDENT GOOD SHEPHERD HUMANE SOCIETY, INC.

VS.

RESPONDENT:  MARTY MARTINEK, BOYD BUSH,
       SHIRLEY TINKIS, CARTER REIN,
       MARILYN STOCKWELL, MAGGIE TATUM,
       SHARON JACOBSON AND DAVID RUSH
       AS PREVIOUS BOARD MEMBERS OF
       THE GOOD SHEPHERD HUMANE SOCIETY, INC

RESPONDENT'S ATTORNEY: **GERALD K. CROW**
ADDRESS:      P.O. BOX 129 BERRYVILLE, AR 72616

THE STATE OF ARKANSAS TO RESPONDENTS: MARTY MARTINEK, BOYD BUSH,
             SHIRLEY TINKIS, CARTER REIN,
             MARILYN STOCKWELL, MAGGIE TATUM,
             SHARON JACOBSON AND DAVID RUSH
             AS PREVIOUS BOARD MEMBERS OF
             THE GOOD SHEPHERD HUMANE SOCIETY, INC
ADDRESS:

### NOTICE

1. You are hereby notified that lawsuit has been filed against you; the relief asked is stated in the attached complaint;
2. The attached complaint will be considered admitted by you and a judgment by default may be entered against you for the relief asked in the complaint unless you file a pleading and thereafter appear and present you defense. Your pleading or answer must meet the following requirements:
  a. It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure.
  b. It must be filed in the court clerk's office within twenty (20) days from the day you were served with this summons.
3. If you desire to be represented by an attorney you should immediately contact your attorney so that an answer can be filed for you within the time allowed.
4. Additional notices: None

WITNESS MY HAND AND SEAL OF THIS COURT THIS THE
28th day of DECEMBER, 2005

Address of Clerk's Office:
Circuit and Chancery Clerk

Carroll County Courthouse
P.O. Box 109, Eureka Springs, AR  72632

*Ramona Wilson*
RAMONA WILSON, Clerk

*Kathryn Head*
Deputy Clerk

STATE OF ARKANSAS
COUNTY OF CARROLL

On this the _29_ day of _December_ , 2005, I have duly served the within writ, by delivering a copy and stating the substance thereof, to the within named _Sharon Jacobson_

_____
SHERIFF/Process Server

Deputy Sheriff

STATE OF ARKANSAS
COUNTY OF CARROLL

Subscribed and Sworn to before me this _6th_ day of _January_ , ~~2005.~~ _2006._

_Debra Shiney_
Notary Public
My Commission Expires: _6-4-12_

3:07-ap-07371  Doc#: 1-1  Filed: 11/30/07  Entered: 11/30/07 16:58:41  Page 51 of 70

"NOTARY SEAL"
Debra Shiney, Notary Public
Carroll County, State of Arkansas
My Commission Expires June 4, 2012.

## SUMMONS

IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS
WESTERN DISTRICT

PLAINTIFF:        **BANK OF EUREKA SPRINGS**
CROSS PETITIONER:   **JOHN REEVE, PRESIDENT GOOD SHEPHERD HUMANE SOCIETY, INC.**

VS.                              NO. CV 2005-103

RESPONDENT:       JOHN REEVE, PRESIDENT GOOD SHEPHERD HUMANE SOCIETY, INC.

VS.

RESPONDENT:       **MARTY MARTINEK, BOYD BUSH,**
**SHIRLEY TINKIS, CARTER REIN,**
**MARILYN STOCKWELL, MAGGIE TATUM,**
**SHARON JACOBSON AND DAVID RUSH**
**AS PREVIOUS BOARD MEMBERS OF**
**THE GOOD SHEPHERD HUMANE SOCIETY, INC**

RESPONDENT'S ATTORNEY:   **GERALD K. CROW**
ADDRESS:                P.O. BOX 129  BERRYVILLE, AR 72616

THE STATE OF ARKANSAS TO RESPONDENTS: **MARTY MARTINEK, BOYD BUSH,**
**SHIRLEY TINKIS, CARTER REIN,**
**MARILYN STOCKWELL, MAGGIE TATUM,**
**SHARON JACOBSON AND DAVID RUSH**
**AS PREVIOUS BOARD MEMBERS OF**
**THE GOOD SHEPHERD HUMANE SOCIETY, INC**

ADDRESS:

### NOTICE

1.  You are hereby notified that lawsuit has been filed against you; the relief asked is stated in the attached complaint;
2.  The attached complaint will be considered admitted by you and a judgment by default may be entered against you for the relief asked in the complaint unless you file a pleading and thereafter appear and present you defense. Your pleading or answer must meet the following requirements:
    a.    It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure.
    b.    It must be filed in the court clerk's office within twenty (20) days from the day you were served with this summons.
3.  If you desire to be represented by an attorney you should immediately contact your attorney so that an answer can be filed for you within the time allowed.
4.  Additional notices: None

WITNESS MY HAND AND SEAL OF THIS COURT THIS THE
28th day of DECEMBER, 2005

Address of Clerk's Office:
Circuit and Chancery Clerk

Carroll County Courthouse
P.O. Box 109, Eureka Springs, AR  72632

_Ramona Wilson_
RAMONA WILSON, Clerk

_Kathryn Head_
Deputy Clerk

STATE OF ARKANSAS
COUNTY OF CARROLL

On this the _29_ day of _December_, 2005, I have duly served the within writ, by delivering a copy and stating the substance thereof, to the within named _MAGGIE TATUM_

_____

SHERIFF/Process Server

_____

Deputy Sheriff

STATE OF ARKANSAS
COUNTY OF CARROLL

Subscribed and Sworn to before me this _6th_ day of _January_, 2006.

_Debra Shiney_
Notary Public
My Commission Expires: _6-4-12_

"NOTARY SEAL"
Debra Shiney, Notary Public
Carroll County, State of Arkansas
My Commission Expires June 4, 2012.

<u>SUMMONS</u>

IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS
WESTERN DISTRICT

PLAINTIFF: **BANK OF EUREKA SPRINGS**
CROSS PETITIONER: **JOHN REEVE, PRESIDENT GOOD SHEPHERD HUMANE SOCIETY, INC.**

VS. NO. CV 2005-103

RESPONDENT: JOHN REEVE, PRESIDENT GOOD SHEPHERD HUMANE SOCIETY, INC.

VS.

RESPONDENT: MARTY MARTINEK, BOYD BUSH,
SHIRLEY TINKIS, CARTER REIN,
MARILYN STOCKWELL, MAGGIE TATUM,
SHARON JACOBSON AND DAVID RUSH
AS PREVIOUS BOARD MEMBERS OF
THE GOOD SHEPHERD HUMANE SOCIETY, INC



RESPONDENT'S ATTORNEY: **GERALD K. CROW**
ADDRESS: P.O. BOX 129 BERRYVILLE, AR 72616

THE STATE OF ARKANSAS TO RESPONDENTS: MARTY MARTINEK, BOYD BUSH,
SHIRLEY TINKIS, CARTER REIN,
MARILYN STOCKWELL, MAGGIE TATUM,
SHARON JACOBSON AND DAVID RUSH
AS PREVIOUS BOARD MEMBERS OF
THE GOOD SHEPHERD HUMANE SOCIETY, INC

ADDRESS:

**NOTICE**

1. You are hereby notified that lawsuit has been filed against you; the relief asked is stated in the attached complaint;
2. The attached complaint will be considered admitted by you and a judgment by default may be entered against you for the relief asked in the complaint unless you file a pleading and thereafter appear and present you defense. Your pleading or answer must meet the following requirements:
   a. It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure.
   b. It must be filed in the court clerk's office within twenty (20) days from the day you were served with this summons.
3. If you desire to be represented by an attorney you should immediately contact your attorney so that an answer can be filed for you within the time allowed.
4. Additional notices: None

WITNESS MY HAND AND SEAL OF THIS COURT THIS THE
28th day of DECEMBER, 2005

Address of Clerk's Office:
Circuit and Chancery Clerk

Carroll County Courthouse
P.O. Box 109, Eureka Springs, AR 72632

_Ramona Wilson_
RAMONA WILSON, Clerk

_Kathryn Head_
Deputy Clerk

STATE OF ARKANSAS
COUNTY OF CARROLL

On this the 29 day of December, 2005, I have duly served the within writ, by delivering a copy and stating the substance thereof, to the within named Carley Keen

_____

Jimmy Elliot
SHERIFF/Process Server

_____
Deputy Sheriff

STATE OF ARKANSAS
COUNTY OF CARROLL

Subscribed and Sworn to before me this 6th day of January, 2006.

Debra Shiney
Notary Public
My Commission Expires: 6-4-12

"NOTARY SEAL"
Debra Shiney, Notary Public
Carroll County, State of Arkansas
My Commission Expires June 4, 2012.

IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS
WESTERN DISTRICT
CIVIL DIVISION

IN RE: THE GOOD SHEPHERD HUMANE SOCIETY, INC.

By: THE BANK OF EUREKA SPRINGS      **PETITIONER**

CIV 2005-103

JOHN REEVE, PRESIDENT
GOOD SHEPHERD HUMANE SOCIETY, INC.      **INTERVENOR**
**Third Party Petitioner**

Vs.

MARTY MARTINEK, BOYD BUSH,
SHIRLEY TINKIS, CARTER REIN,
MARILYN STOCKWELL, MAGGIE TATUM,
SHARON JACOBSON AND DAVID RUSH
AS PREVIOUS BOARD MEMBERS OF
THE GOOD SHEPHERD HUMANE SOCIETY, INC.      **RESPONDENTS**

## SEPARATE RESPONDENT, MAGGIE TATUM'S, ANSWER TO CROSS PETITION

COMES NOW the Separate Respondent, Maggie Tatum, and for her Answer to Cross-Petition

filed by Intervenor, John Reeve, President, Good Shepherd Humane Society, Inc., respectfully states as follows:

1. Separate Respondent, Maggie Tatum, acknowledges that a copy of a Mortgage was

attached to the Cross Petition as Exhibit "A".

Page 1

2. Separate Respondent, Maggie Tatum, states that the document attached as Exhibit "A" to the Cross Petition speaks for itself. In as much as any material allegations are contained in Paragraph No.2, Separate Respondent denies same.

3. Separate Respondent, Maggie Tatum, admits the averments contained in Paragraph No.3 of the Cross Petition.

4. Separate Respondent, Maggie Tatum, denies the averments contained in Paragraph No.4 of the Cross Petition.

5. Separate Respondent, Maggie Tatum, denies the averments contained in Paragraph No.5 of the Cross Petition.

6. Separate Respondent, Maggie Tatum, denies the averments contained in Paragraph No.6 of the Cross Petition.

7. Separate Respondent, Maggie Tatum, is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph No.7 of the Cross Petition. Therefore, such averments are denied.

8. Separate Respondent, Maggie Tatum, states that the document attached as Exhibit "A" to the Cross Petition speaks for itself. In as much as any material allegations are contained in Paragraph No.8, Separate Respondent denies same.

9. Separate Respondent, Maggie Tatum, denies the averments contained in Paragraph No.9 of the Cross Petition.

10. Separate Respondent, Maggie Tatum, denies the averments contained in Paragraph No.1 0 of the Cross Petition.

11. Separate Respondent, Maggie Tatum, is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph No. 11 of the Cross Petition. Therefore, such averments are denied.

12. Paragraph No. 12 does not require either admission or denial.

13. Separate Respondent, Maggie Tatum, pleads any and all affirmative defenses available to her under Rule 8 of the Arkansas Rules of Civil Procedure.

14. Separate Respondent, Maggie Tatum, reserves the right to amend this Answer to include such other affirmative defenses and/or counterclaims as may be warranted upon discovery in this action.

WHEREFORE, premises considered, Separate Respondent, Maggie Tatum, prays this Court to deny the Cross Petition of Intervenor, John Reeve; that she be awarded her attorney fees and costs incurred in defending this action; and, for any and all other relief to which Tatum may prove herself entitled.

DATED this 7 day of January

*Maggie Tatum*

Respectfully submitted for the Separate
Respondent, Maggie Tatum

IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS
WESTERN DISTRICT
CIVIL DIVISION

FILED
Ramona Wilson
JAN 1 0 2006
CIRCUIT CLERK
CARROLL COUNTY
WESTERN DISTRICT

IN RE: THE GOOD SHEPHERD HUMANE SOCIETY, INC.

By: THE BANK OF EUREKA SPRINGS          **PETITIONER**

CIV 2005-103

JOHN REEVE, PRESIDENT
GOOD SHEPHERD HUMANE SOCIETY, INC.          **INTERVENOR**
                                            **Third Party Petitioner**

Vs.

MARTY MARTINEK, BOYD BUSH,
SHIRLEY TINKIS, CARTER REIN,
MARILYN STOCKWELL, MAGGIE TATUM,
SHARON JACOBSON AND DAVID RUSH
AS PREVIOUS BOARD MEMBERS OF
THE GOOD SHEPHERD HUMANE SOCIETY, INC.          **RESPONDENTS**

## SEPARATE RESPONDENT, SHARON JACOBSON'S, ANSWER TO CROSS PETITION

COMES NOW the Separate Respondent, Sharon Jacobson, and for her Answer to Cross-Petition

filed by Intervenor, John Reeve, President, Good Shepherd Humane Society, Inc., respectfully states as follows:

1. Separate Respondent, Sharon Jacobson, acknowledges that a copy of a Mortgage was

attached to the Cross Petition as Exhibit "A".

2.  Separate Respondent, Sharon Jacobson, states that the document attached as Exhibit "A" to the Cross Petition speaks for itself. In as much as any material allegations are contained in Paragraph No.2, Separate Respondent denies same.

3. Separate Respondent, Sharon Jacobson, admits the averments contained in Paragraph No.3 of the Cross Petition.

4. Separate Respondent, Sharon Jacobson, denies the averments contained in Paragraph No.4 of the Cross Petition.

5. Separate Respondent, Sharon Jacobson, denies the averments contained in Paragraph No.5 of the Cross Petition.

6. Separate Respondent, Sharon Jacobson, denies the averments contained in Paragraph No.6 of the Cross Petition.

7. Separate Respondent, Sharon Jacobson, is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph No.7 of the Cross Petition. Therefore, such averments are denied.

8. Separate Respondent, Sharon Jacobson, states that the document attached as Exhibit "A" to the Cross Petition speaks for itself. In as much as any material allegations are contained in Paragraph No.8, Separate Respondent denies same.

9. Separate Respondent, Sharon Jacobson, denies the averments contained in Paragraph No.9 of the Cross Petition.

10. Separate Respondent, Sharon Jacobson, denies the averments contained in Paragraph No.1 0 of the Cross Petition.

11. Separate Respondent, Sharon Jacobson, is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph No. 11 of the Cross Petition. Therefore, such averments are denied.

12. Paragraph No. 12 does not require either admission or denial.

13. Separate Respondent, Sharon Jacobson, pleads any and all affirmative defenses available to her under Rule 8 of the Arkansas Rules of Civil Procedure.

14. Separate Respondent, Sharon Jacobson, reserves the right to amend this Answer to include such other affirmative defenses and/or counterclaims as may be warranted upon discovery in this action.

WHEREFORE, premises considered, Separate Respondent, Sharon Jacobson, prays this Court to deny the Cross Petition of Intervenor, John Reeve; that she be awarded her attorney fees and costs incurred in defending this action; and, for any and all other relief to which Jacobson may prove herself entitled.

DATED this 10th day of January, 2006

Sharon Jacobson

Respectfully submitted for the Separate
Respondent, Sharon Jacobson

IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS
WESTERN DISTRICT
CIVIL DIVISION

IN RE: THE GOOD SHEPHERD HUMANE SOCIETY, INC.

By: THE BANK OF EUREKA SPRINGS         PETITIONER

CIV 2005-103

JOHN REEVE, PRESIDENT
GOOD SHEPHERD HUMANE SOCIETY, INC.      INTERVENOR
                                         Third Party Petitioner

Vs.

MARTY MARTINEK, BOYD BUSH,
SHIRLEY TINKIS, CARTER REIN,
MARILYN STOCKWELL, MAGGIE TATUM,
SHARON JACOBSON AND DAVID RUSH
AS PREVIOUS BOARD MEMBERS OF
THE GOOD SHEPHERD HUMANE SOCIETY, INC.     RESPONDENTS

## SEPARATE RESPONDENT, SHIRLEY TINKIS'S, ANSWER TO CROSS PETITION

COMES NOW the Separate Respondent, Shirley Tinkis, and for his Answer to Cross-Petition

filed by Intervenor, John Reeve, President, Good Shepherd Humane Society, Inc., respectfully states as follows:

1. Separate Respondent, Shirley Tinkis, acknowledges that a copy of a Mortgage was

attached to the Cross Petition as Exhibit "A".

Page 1

2.   Separate Respondent, Shirley Tinkis, states that the document attached as Exhibit "A" to the Cross Petition speaks for itself. In as much as any material allegations are contained in Paragraph No.2, Separate Respondent denies same.

3. Separate Respondent, Shirley Tinkis, admits the averments contained in Paragraph No.3 of the Cross Petition.

4. Separate Respondent, Shirley Tinkis, denies the averments contained in Paragraph No.4 of the Cross Petition.

5. Separate Respondent, Shirley Tinkis, denies the averments contained in Paragraph No.5 of the Cross Petition.

6. Separate Respondent, Shirley Tinkis, denies the averments contained in Paragraph No.6 of the Cross Petition.

7. Separate Respondent, Shirley Tinkis, is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph No.7 of the Cross Petition. Therefore, such averments are denied.

8. Separate Respondent, Shirley Tinkis, states that the document attached as Exhibit "A" to the Cross Petition speaks for itself. In as much as any material allegations are contained in Paragraph No.8, Separate Respondent denies same.

9. Separate Respondent, Shirley Tinkis, denies the averments contained in Paragraph No.9 of the Cross Petition.

10. Separate Respondent, Shirley Tinkis, denies the averments contained in Paragraph No.1 0 of the Cross Petition.

11. Separate Respondent, Shirley Tinkis, is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph No. 11 of the Cross Petition. Therefore, such averments are denied.

12. Paragraph No. 12 does not require either admission or denial.

13. Separate Respondent, Shirley Tinkis, pleads any and all affirmative defenses available to her under Rule 8 of the Arkansas Rules of Civil Procedure.

14. Separate Respondent, Shirley Tinkis, reserves the right to amend this Answer to include such other affirmative defenses and/or counterclaims as may be warranted upon discovery in this action.

WHEREFORE, premises considered, Separate Respondent, Shirley Tinkis, prays this Court to deny the Cross Petition of Intervenor, John Reeve; that she be awarded her attorney fees and costs incurred in defending this action; and, for any and all other relief to which Tinkis may prove herself entitled.

DATED this 13 day of January

Respectfully submitted for the Separate Respondent, Shirley Tinkis

Shirley Tinkis



IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS
WESTERN DISTRICT
CIVIL DIVISION

IN RE:   THE GOOD SHEPHERD HUMANE SOCIETY, INC.

CIV 2005-103

## MOTION FOR EMERGENCY HEARING

Comes now the respondent, John Reeve, President of the Board of Directors of the

Good Shepherd Humane Society, Inc., by and through his attorney, Gerald K. Crow, and

Moves this Court to set an immediate hearing on the Motion for a Declaratory Judgment

filed by the Bank of Eureka Springs, Arkanas.

1. The Motion for Declaratory Judgment was filed on October 10, 2005 and the

   undersigned filed a motion to intervene on October 14, 2005.

2. The Respondent/Intervenor, John Reeves, has obtained service of summons with a

   copy of the Motion on previous Board members.  Mr. Marty Martinek was served on

   December 9, 2005.  Mr. Martinek was the President of the Board and was the

   registered agent for process of service with the Arkansas Secretary of State.

   Additionally, service has been perfected on other members of the previous Board of

   Directors including, Boyd Bush, David Rush, Marilyn Stockwell, Sharon Jacobson,

   Carter Rein, and Maggie Tatum.

3. That the Respondent/Intervenor represents the duly elected Board of Directors of the

   Good Shepherd Humane Society, Inc. and the current Board is being denied access to

important financial data which is necessary to complete the filing of tax returns, the issuance of employee W-2 forms and the preparation of financial reports and budgets. Pleading further, the failure to resolve the dispute over the Accounts held by the Bank of Eureka Springs and the issue of the legitimacy of the present Board restricts the use of the Federal Employer's Identification Number (EIN).

4. That the Respondent/Intervenor, John Reeves, requests an emergency hearing on the issue of possession of and access to financial data necessary to comply with Federal and State tax laws. That to the best of the Respondent's knowledge and belief the prior Board of Directors has removed all accounting information from the custody of it's accountant, Rusty Windle and the whereabouts of said accounting information is unknown to the Respondent at this time.

5. That the Respondent/Intervenor, John Reeves, moves this Court to order and direct Marty Martinek or such other person who has the financial records of this organization for the year 2005 and all other prior years to deliver those records to him.

6. That this matter is directly effecting the daily operations of the Good Shepherd Humane Society, Inc. causing delays in the regular course of business, is adversely effecting persons awaiting payments; jeopardizes assets held by the corporation and has resulted in undue hardship on employees and the Board of Directors.

WHEREFORE, PREMISES CONSIDERED, THE INTERVENOR/RESPONDENT, JOHN REEVES, PRAYS that this Court grant the Motion to set this matter for hearing

and direct the Bank of Eureka Springs and the former members of the Board to return all

financial records to him.


Respectfully Submitted,

John Reeve,
President
Good Shepherd Humane Society, Inc.


By _____
Gerald K. Crow
Attorney at Law
ABA 90100
203 Public Sq.
Berryville, AR 72616
(870) 423-4664
(870) 423-3733


## CERTIFICATE OF SERVICE

I certify that I have this 19th day of January, 2006 mailed a true and correct copy of the foregoing pleading to the hereinafter named attorney by depositing a true and correct copy in the U.S. Mail, adequate postage affixed thereto and addressed to:

Mr. Scott P. Harrison
The Harrison Law Firm
2928 McKee Circle, Suite 121
Fayetteville, AR 72703


Mr. Marty Martinek
484 Paradise Mtn. Rd.
Eureka Springs, AR 72632


Ms. Shirley Tinkis
575 Lakeshore Dr.
Eureka Springs, AR 72631

Mr. Carter Rein
190 Mulberry Ln
Eureka Springs, AR 72631

Mr. David Rush
3022 E. Van Buren
Suite E
Eureka Springs, AR 72632

Ms. Marilyn Sockwell
69 Venus Drive
Holiday Island, AR 72631

Mr. Boyd Bush
192 Cooper Hollow Rd
Eureka Springs, AR 72632

Gerald K. Crow

NOV-21-2007 12:00 From:CAR CO CIR CLERK WD 479 253 6013     To:4799868932     P.1/8

## SUMMONS

### IN THE CIRCUIT COURT OF CARROLL COUNTY, ARKANSAS
### WESTERN DISTRICT

PLAINTIFF:
CROSS PETITIONER:    BANK OF EUREKA SPRINGS

                      JOHN REEVE, PRESIDENT GOOD SHEPHERD HUMANE SOCIETY, INC.

VS.

                      NO. CV 2005-103

RESPONDENT:        JOHN REEVE, PRESIDENT GOOD SHEPHERD HUMANE SOCIETY, INC.

VS.

RESPONDENT:        MARTY MARTINEK, BOYD BUSH,
                        SHIRLEY TINKIS, CARTER REIN,
                        MARILYN STOCKWELL, MAGGIE TATUM,
                        SHARON JACOBSON AND DAVID RUSH
                        AS PREVIOUS BOARD MEMBERS OF
                        THE GOOD SHEPHERD HUMANE SOCIETY, INC

RESPONDENT'S ATTORNEY:    GERALD K. CROW
ADDRESS:                      P.O. BOX 129 BERRYVILLE, AR 72616

**FILED**
Ramona Wilson
JAN 2 3 2006
CARROLL COUNTY

THE STATE OF ARKANSAS TO RESPONDENTS: MARTY MARTINEK, BOYD BUSH,
                                       SHIRLEY TINKIS, CARTER REIN,
                                       MARILYN STOCKWELL, MAGGIE TATUM,
                                       SHARON JACOBSON AND DAVID RUSH
                                       AS PREVIOUS BOARD MEMBERS OF
                                       THE GOOD SHEPHERD HUMANE SOCIETY, INC

ADDRESS:

### NOTICE

1. You are hereby notified that lawsuit has been filed against you; the relief asked is stated in the attached complaint;
2. The attached complaint will be considered admitted by you and a judgment by default may be entered against you for the relief asked in the complaint unless you file a pleading and thereafter appear and present you defense. Your pleading or answer must meet the following requirements:
   a.    It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure.
   b.    It must be filed in the court clerk's office within twenty (20) days from the day you were served with this summons.
3. If you desire to be represented by an attorney you should immediately contact your attorney so that an answer can be filed for you within the time allowed.
4. Additional notices: None

WITNESS MY HAND AND SEAL OF THIS COURT THIS THE
28th day of DECEMBER, 2005

Address of Clerk's Office:
Circuit and Chancery Clerk

Carroll County Courthouse
P.O. Box 109, Eureka Springs, AR 72632

*Ramona Wilson*
RAMONA WILSON, Clerk

*Kathryn Head*
Deputy Clerk

STATE OF ARKANSAS
COUNTY OF CARROLL

On this the _19_ day of _JAnJon_, 2006 I have duly served the within writ, by delivering a copy and stating the substance thereof, to the within named _Shirley Tinker_

SHERIFF/Process Server

Deputy Sheriff

STATE OF ARKANSAS
COUNTY OF CARROLL

Subscribed and Sworn to before me this _19_ day of _January_, 2006.

_Debra Shiney_
Notary Public
My Commission Expires: _6-4-12_

"NOTARY SEAL"
Debra Shiney, Notary Public
Carroll County, State of Arkansas
My Commission Expires June 4, 2012.